## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEREMY LEE** | **NO.: 23-1229-SDD-SDJ** |
| **VS.** | |
| **TROY LAWRENCE, JR., in his personal Capacity, ET AL.** | **CIVIL ACTION** |

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION

**MAY IT PLEASE THE COURT:**

    The defendant, the City of Baton Rouge/Parish of East Baton Rouge ("City/Parish"), through undersigned counsel, submits this Memorandum in Opposition to Plaintiff's *ex parte* motion to preserve evidence and permit immediate inspection, Rec. Doc. 6, pursuant to Fed. R. Civ. Pro. Rule 26 and MD Local Rule 7, as follows:

### PROCEDURAL BACKGROUND

    On August 29, 2023, Plaintiff filed suit against the City/Parish, Chief Murphy Paul, the Baton Rouge Police Department ("BRPD"), and three BRPD officers. Rec. Doc. 1. The Parish Attorney's Office was provided a copy of the Complaint, and is undergoing review of the party-defendants to determine whether conflict counsel for any defendant is necessary. Subsequently, counsel for Plaintiff requested limited discovery and preservation of evidence, which was responded to on September 20 and 28, respectively. *See* Exhibit 1 and Rec. Doc. 6-3. On September 29, 2023, Plaintiff filed an *ex parte* motion seeking an order toward an end that has already been agreed to and also seeking permission to conduct a discovery endeavor prematurely. For the purpose of responding to the *ex parte* requests, the City/Parish makes its expressly limited appearance to respectfully oppose same, reserving all rights of defenses, responses, and objections to the Complaint pursuant to Rules 8 and 12, *inter alia*.

## STANDARD OF LAW

A district court has broad discretion to manage the timing of discovery and issue orders for expedited discovery. *See AVO Multi-Amp Services Corp. v. Technical Diagnostics Services, Inc.*, No. 3:97-CV-3168-P, 1998 WL 25568, at *1 (S.D. Tex. Jan. 14, 1998); *accord* Fed. R. Civ. P. 26(d)(1) (permitting deviation from normal rule when "authorized . . . by court order"). In determining whether to grant a motion for discovery prior to a Rule 26(f) conference, several district courts in the Fifth Circuit, including this court, use the "good cause" standard. *See ELargo Holdings, LLC v. Doe–68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016); *St. Louis Group, Inc. v. Metals and Additives Corp., Inc.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011) (noting that although the Fifth Circuit has not decided the issue, "[s]everal district courts within the Fifth Circuit have expressly utilized the 'good cause' standard"). In a good cause analysis, a court "examine[s] the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Id*. at 239 (internal quotation marks omitted).

Good cause typically exists "where the need for expedited discovery outweighs the prejudice to the responding party." *Id*. at 240, quoting *BKGTH Productions, Inc. v. Does 1–20*, No. 13–5310, 2013 WL 5507297, at *5 (M.D. La. 2013). Given the possibility of suffering irreparable harm, good cause makes particular sense in cases seeking injunctive relief, as here. *See N. Am. Deer Registry, Inc. v. DNA Solutions, Inc.*, No. 4:17-cv-62, 2017 WL 1426753, at *2 (E.D. Tex. Apr. 21, 2017) (noting that "expedited discovery is appropriate in cases involving preliminary injunctions"). Moreover, "[t]he purpose of expedited discovery in the context of a temporary restraining order or preliminary injunction is for further development of the record before the preliminary injunction hearing, which better enables the court to judge the parties'

interests and respective chances for success on the merits." *Amos v. Taylor*, No. 4:20-CV-7-DMB-JMV, 2020 WL 618824, at *2 (N.D. Miss. Feb. 10, 2020). Finally, courts in this circuit have found good cause where the scope of the discovery sought is narrow and would substantially contribute to moving the case forward. *St. Louis Group, Inc.*, 275 F.R.D. at 240-241.

## LAW & ARGUMENT

Plaintiff seeks a Rule 34(a)(2) inspection of the police narcotics warehouse and an order calling for the preservation of evidence, which would presumably encompass preservation of the warehouse itself. First, Plaintiff seeks the site inspection prior to appearances of all parties, the filing of responsive pleadings, and performance of a Rule 26(f) conference without demonstration of a need for such a drastic and prejudicial effort. Moreover, the site sought to be inspected is subject to and believed to be a part of ongoing federal and criminal investigations.

Second, any order for preservation of evidence is moot as undersigned expressed agreement to the preservation request via correspondence (Rec. Doc. 6-3). Notably, Plaintiff, through his counsel, did not mention, present, or otherwise request the use of formal order to that end (i.e., joint protective order). Simply put, there appeared on its face nothing further to discuss or reach agreement on to that end.

I.  **No threat of spoliation exists of the narcotics warehouse.**

Plaintiff contends that an immediate inspection of the narcotics warehouse is necessary "to prevent the spoliation [sic] of evidence." Rec. Doc. 6 at 7. However, Plaintiff does not demonstrate how the building, subject to the ongoing federal and criminal investigations, is vulnerable to spoliation. The building, equally subject to the preservation of evidence as hard-copy paper, electronically stored information ("ESI"), or other tangible information, can be made

3

available during the discovery phase of this matter. As Plaintiff correctly indicates, the building is not being used for police purposes, and as such, it will be available at a later date and time coordinated by all parties. But importantly, it will be available at a later date and time after the investigations of the federal criminal agencies are concluded.

Additionally, Plaintiff's complaint does not seek injunctive or declaratory relief wherein such expedited discovery endeavors are usually permitted. Due to the possibility of conflict counsel retained for one or more defendants, there would presumably be less than the total number of parties present at any expedited site inspection, which is prejudicial on its face to those parties not represented. Resultantly and most likely, multiple site inspections would be requested over time. Without injunctive/declaratory relief sought and due to the likelihood of multiple inspections where one is granted now, good cause does not exist to interrupt the procedural posture afforded ordinary proceedings such as this.

**II.    A written preservation order was not requested by Plaintiff, but is moot.**

Contrary to Plaintiff's position, undersigned met and conferred with Plaintiff's counsel via telephone on September 20, 2023,[1] wherein agreement was made that Plaintiff would memorialize the parameters of the request for preservation of evidence in writing so that adequate review and response could be made. Importantly, no reference to or request for a Joint Protective Order or other formal order was made, although that is what's being sought now for the first time. Presumably, a joint order could have been reached if asked. Nevertheless, confirmation of the preservation of evidence was provided on September 28, 2023. *See* Rec. Doc. 6-3. In the event a draft of a protective order or preservation order is offered, same can be reviewed for discussion and resolution.

---

[1] Exhibit 1, Email dated September 20, 2023.

Plaintiff refers to the arrests of non-party police officers as his basis to contend that a preservation order is necessary. Rec. Doc. 6 at 6. However, the subject matter of those arrests pertained to activity in 2020 and the purported offenders have been administratively removed from their posts such that access to any materials relevant herein would not be available to them. Accordingly, the contention falls short.

## CONCLUSION

For the foregoing reasons, the City/Parish respectfully requests that Plaintiff's *ex parte* motion be denied.

> **RESPECTFULLY SUBMITTED:**
> **ANDERSON O. "ANDY" DOTSON, III**
> **PARISH ATTORNEY**
>
> **/s/ Michael P. Schillage**
> **A. Gregory Rome (#21062)**
> **Director of Litigation & Risk Management**
> **Michael P. Schillage (#35554)**
> **Special Assistant Parish Attorney**
> 222 St. Louis Street, Suite 902
> Baton Rouge, Louisiana 70802
> Telephone:   (225) 389-3114
> Facsimile:   (225) 389-8736
> Email:       grome@brla.gov
>              mschillage@brla.gov
> *Counsel for the City of Baton Rouge/Parish of East Baton Rouge*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was this date sent to all counsel of record by electronic mail to the email address listed with the Court's electronic filing system, facsimile, and/or U.S. mail, postage prepaid and properly addressed. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, postage prepaid, and properly addressed.

Baton Rouge, Louisiana this 29th day of September, 2023.

                      **/s/ Michael P. Schillage**
                      **MICHAEL P. SCHILLAGE**