UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JEREMY LEE**

**VERSUS**

**LAWERENCE, ET AL.**

**CIVIL ACTION**

**No. 23-1229-SDD-SDJ**

## ORDER

Before the Court is Plaintiff's Ex Parte Motion to Preserve Evidence and Permit Immediate Inspection of the BRPD Torture Warehouse (R. Doc. 6) and an associated Motion for Expedited Consideration (R. Doc. 7). Defendants City of Baton Rouge and Parish of East Baton Rouge (collectively "City/Parish") have opposed the motion to preserve and inspect. (R. Doc. 8).

Plaintiff filed his Complaint on August 29, 2023, with claims of excessive force and unreasonable search and seizure in violation of the Fourth Amendment, retaliation in violation of the First Amendment, assault, battery, and false imprisonment, along with several other claims against the various Defendants. (R. Doc. 1 at 21-27). The Baton Rouge Police Department and individual Defendants have not yet made appearances. Nevertheless, Plaintiff seeks an order requiring Defendants to immediately preserve all existing evidence pertaining to the BRPD facility referred to by the parties as the "Brave Cave", "Torture Warehouse", or "narcotics warehouse." Plaintiff cites multiple accounts of BRPD officials' refusing to preserve evidence or even actively destroying video evidence, of video footage being unaccounted for, and of plans to alter or destroy the facility in question. (R. Doc. 6 at 2). Plaintiff further requests immediate inspection of the facility in order to preserve evidence as it exists today. (R. Doc. 6 at 7).

Defendant City/Parish makes a limited appearance to oppose Plaintiff's motions, arguing that there is no threat to the preservation of the facility, prejudice to parties that have not yet appeared, and insufficient pre-motion conference between the currently represented parties. (R. Doc. 8 at 3-4). The City/Parish asserts that Plaintiff's only basis for an order of preservation is the arrests of non-party police officers whose actions in 2020 have no bearing on the current matter. (R. Doc. 8 at 5).

The Defendants' duty to preserve evidence has already arisen,[1] but the Court will grant Plaintiff's request and specifically order such preservation.[2] Because the BRPD has not yet made an appearance, however, the Court will defer Plaintiff's request for inspection until BRPD has made an appearance. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Expedited Consideration (R. Doc. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order of Preservation (R. Doc. 6) is **GRANTED**. Defendants will not destroy, conceal, or alter any paper or electronic files or other data generated by and/or stored on computers and storage media (e.g., hard disks, floppy disks, backup tapes), or any other electronically stored information related to the claims of this case. Any normal process of document destruction or overwriting must immediately cease.

---

[1] A party's duty to preserve evidence arises when "the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Toth v. Calcasieu Parish*, Civ. Action No. 06-0998, 2009 WL 528245 (W.D. La. Mar. 2, 2009) (Trimble, J.) (citation and internal quotation marks omitted); *Dixon v. Greyhound Lines, Inc.*, Civ Action No. 13-0179, 2014 WL 6087226, at *3 (M.D. La. Nov. 13, 2014). A person "anticipat[ing] being a party ... to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary." *Toth*, supra. The duty to preserve extends to evidence that a party "knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." *Id.*

[2] To be clear, while the Court now puts Defendants on notice that preservation of evidence will be of particular importance in this matter, this Order does *not* relieve Defendants of the duty to preserve that arose in the moment they knew litigation was imminent. This Order may seem redundant, given the existing duty to preserve, but the Court sees no harm in reiterating the importance of this duty when there is particular concern over spoliation.

Defendants are required to take reasonable actions to preserve and protect electronically stored evidence. *See* Fed. R. Civ. P. 37(e). These include measures to ensure that information in the hands of employees and former employees is appropriately preserved.

The following is a *non-exhaustive* list of the kinds of evidence that shall be retained:

- Text messages, voicemails, direct messages, and all other forms of electronic communication from employees work phones and private phones, or from personal phones regarding the subject-matter of this litigation.
- All video footage, whether or not depicting the individuals named in the recently filed lawsuits, inside and outside "the BRAVE Cave."
- Electronic data, including metadata for printed reports, for incidents described in the lawsuits. To be clear, the timing of the authorship and editing of various reports (including Internal Affairs reports) will be at issue in this litigation, so proper preservation of original electronic versions of documents is essential.

**IT IS FURTHER ORDERED** that Defendants shall preserve the BRPD "Brave Cave" facility in its entirety and in its current state. Defendants shall make no alterations to the facility, its grounds, or its contents.[3]

Finally, because BRPD has not yet made an appearance, the Court will not order immediate inspection of the facility; however, the Court expects that the facility will remain untouched in its current state until Defendant has made an appearance. Accordingly,

**IT IS ORDERED** that Defendant BRPD will respond to Plaintiff's Motion for Immediate Inspection within **3 days** of their initial appearance.

---

[3] This Order's list of evidence to be preserved **does not limit** evidence that should be preserved. Any relevant evidence not mentioned here is equally subject to Defendants' duty to preserve.

**IT IS FURTHER ORDERED** that enrolled counsel for Plaintiff and the City/Parish shall deliver copies of this Order to any attorneys they are aware will be representing those Defendants who have not yet made an appearance.

Signed in Baton Rouge, Louisiana, on October 4, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**