UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JEREMY LEE**                                    **CIVIL ACTION**

**VERSUS**                                       **No. 23-1229-SDD-SDJ**

**TROY LAWRENCE, JR., ET AL.**

## ORDER

Before the Court is Defendant Troy Lawrence, Jr.'s motion for More Definite Statement (R. Doc. 71) as to Plaintiff's Amended Complaint (R. Doc. 65). The date for opposition has passed, and no opposition has been filed in the record. Nonetheless, for the reasons that follow, the Motion shall be **DENIED**.

Federal Rule of Civil Procedure 12(e) states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Such motions are disfavored and granted sparingly.[1] In fact, courts in the Fifth Circuit have held that a motion for more definite statement should only be granted if the complaint is "so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."[2] The Court has considerable discretion in deciding whether to grant a motion for more definite statement.[3]

Plaintiff's Amended Complaint is not unintelligible. Defendant Lawrence argues that the Amended Complaint is an impermissible "shotgun pleading" because its claims incorporate those

---

[1] *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Conceal City, LLC v. Looper Law Enforcement, LLC*, 917 F.Supp.2d 611, 621 (N.D. Tex. 2013).
[2] *Residents Against Flooding v. Reinvestment Zone No. Seventeen, City of Houston, Texas*, 260 F.Supp.3d 738, 757 (S.D. Tex. 2017) (quoting *Phillips v. ABB Combustion Eng'g, Inc.*, Civ. A. No. 13-594, 2013 WL 3155224 (E.D. La. June 19, 2013)).
[3] *Ditcharo v. United Parcel Service, Inc.*, 376 Fed.Appx. 432, 440 n.9 (5th Cir. 2010).

before. "[B]ut a complaint is not a shotgun pleading 'simply because it incorporates by reference previous allegations.'"[4] In order for a complaint to be considered an impermissible shotgun pleading, it must incorporate all or nearly all of the previous allegations and "make[ ] no attempt to lay out which conduct constitutes the violation alleged."[5] The Amended Complaint makes detailed factual allegations, and each claim for relief is supported with a brief summary of the facts related to each count.

The Court finds that Defendant Lawrence can reasonably prepare a response, as evidenced in part by the answers submitted by his three co-defendants (R. Docs. 73-75), and so a more definite statement is not warranted. Accordingly,

**IT IS ORDERED** that the Motion for More Definite Statement is **DENIED**. Defendant Lawrence shall submit his responsive pleadings within seven days of this ruling.

Signed in Baton Rouge, Louisiana, on April 29, 2024.

*[signature]*

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] *Physicians Care All., LLC v. All Day Beauty*, LLC, No. 2:18-CV-2602-HRH, 2019 WL 176782, at *2 (D. Ariz. Jan. 11, 2019) (citations omitted).
[5] *S.E.C. v. Fraser*, Case No. CV–09–00443–PHX–GMS, 2010 WL 5776401, at *9 (D. Ariz. Jan. 28, 2010).