UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JEREMY LEE**                                                          **CIVIL ACTION**

**VERSUS**                                                                **No. 23-1229-SDD-SDJ**

**TROY LAWRENCE, JR., ET AL.**

---

# NOTICE & ORDER

At the Scheduling Conference on April 9, 2024, the parties discussed the availability and scope of discovery prior to any potential motions for summary judgment on the basis of qualified immunity. The parties were ordered to submit briefing on the issue. (R. Doc. 78). There is currently no motion before the Court, but this Notice sets out the Court's position on the procedural posture of discovery in this matter.

## I.   Procedural Background

This civil rights suit was initiated against the Baton Rouge Police Department[1] on August 29, 2023. (R. Doc. 1). A first scheduling conference was set for November 30, 2023, but it was not held. (R. Doc. 20). After many delays, responsive pleadings were finally filed on March 27, 2024.[2] A scheduling conference was held on April 9, 2024. (R. Doc. 78). All answers to the Amended Complaint have now been filed in the record, and the only pending motions are Plaintiff's Motion for Preliminary Injunction and an associated Motion to Consolidate Discovery. (R. Docs. 76-77). Individual Defendants included a cursory statement of the defense of qualified immunity in their

---

[1] Through the City of Baton Rouge/Parish of East Baton Rouge ("City/Parish"), and including several individual officers as co-defendants.
[2] In response to Plaintiff's Amended Complaint (R. Doc. 65).

Answers (R. Doc. 73 at 7; R. Doc. 74 at 15; R. Doc. 88 at 1), but no motions asserting qualified immunity have been submitted to the Court.

## II. Positions of the Parties Regarding Phased Discovery

At the scheduling conference of April 9, the parties discussed the potential for an assertion of a qualified immunity defense for the individual officer Defendants. Defendants indicated that they would like a designated period of discovery related only to qualified immunity, including a deposition of Plaintiff. Plaintiff was not opposed to a period of limited discovery but objected to one-sided discovery in which Plaintiff could be deposed but Defendants would not offer themselves for deposition. The Court ordered that the parties confer with a goal of approaching consensus and ordered briefs to address the propriety of a limited discovery period and the scope of such discovery. As ordered, the parties submitted their initial briefs on April 22, 2024, and reply briefs by April 29, 2024. (R. Docs. 80-81; 82, 87)

Defendants request that the Court enter a preliminary discovery order directing that the City/Parish will provide audio/visual recordings and arrest reports concerning Plaintiff by June 28, 2024, and that a deposition of Plaintiff take place by August 16, 2024, and excluding all other discovery during this period. (R. Doc. 80 at 1-2). Individual Defendants claim they cannot properly support their defense of qualified immunity without discovery, so this period of phased discovery would determine if and how they assert this defense. In support, Defendants claim that their proposed discovery is consistent with the Fifth Circuit's jurisprudence that a district court abuses its discretion when it delays ruling on a motion to dismiss on qualified immunity grounds and subjects defendants to discovery on certain claims. (R. Doc. 80 at 3) (citing *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022)). However, Defendants emphasize in their Reply that they are not seeking

a full stay of discovery but instead a phased discovery plan, citing practical problems with a traditional discovery schedule under their specific circumstances.³ (R. Doc. 87 at 1, 4).

Plaintiff asserts that, absent an assertion of qualified immunity through a motion to dismiss or for summary judgment, there is no authority supporting bifurcated discovery that requires one party to make himself available for discovery and allows other parties to shield themselves from discovery. (R. Doc. 81 at 1). Plaintiff recounts his proposals to Defendants of alternative discovery plans, including (1) limiting initial discovery to party depositions or (2) asymmetrical written discovery, with Plaintiff alone being subject to interrogatories. (R. Doc. 81 at 4). Plaintiff takes the position that full, unabridged discovery should begin in earnest immediately. (R. Doc. 82 at 4).

**III.    Analysis**

Defendants argue that their proposed bifurcation of discovery is consistent with Fifth Circuit precedent regarding qualified immunity, but critically, the cited cases—and indeed all cases the Court has come across—had the prerequisite of a formal assertion of qualified immunity through a motion to dismiss or for summary judgment. *E.g., Carswell*, 54 F.4th. In the case of a formal assertion of the defense, the Fifth Circuit has determined that all discovery should be stayed until the court rules on the defense, in order to fulfill qualified immunity's protection from the burdens of discovery. *Id.* Indeed, "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (internal citation omitted). But Individual Defendants' proposal does not free them from the burden of discovery, as it contemplates some discovery going forward. *See Ashcroft* at 685 (stating that a limited discovery plan that contemplates a stay of discovery as

---

³ For example, Individual Defendants anticipate pleading their Fifth Amendment rights in depositions, given the possibility of criminal investigations on the same facts at issue in this case. (R. Doc. 87 at 4).

to some defendants but continued discovery for others is no answer to qualified immunity, as continued discovery will necessitate *all* defendants' participation to ensure no bias against their position). Instead, the proposal merely shields Individual Defendants themselves from being subject to depositions and discovery while they continue to expend resources as to Plaintiff's deposition the City/Parish's productions.

In addition to subjecting Individual Defendants to the burdens of discovery, the proposed discovery plan would in effect give Individual Defendants some of the benefit of having asserted a qualified immunity defense without affording Plaintiff the opportunity to oppose that defense. Defendants have offered no support for their request for a discovery plan that disproportionately benefits them and burdens Plaintiff. Defendants have misunderstood the directive of *Carswell*.

At the April 9 conference, the Court indicated that while it would not stay discovery (nor was there any formal request for a stay), it would not enforce discovery motions until after it had considered this proposed discovery plan. The Court now advises that standard discovery should continue in earnest; any discovery already propounded is subject to ordinary response deadlines and will be enforced by the Court as appropriate.

Finally, **IT IS ORDERED** that the parties shall confer regarding a discovery schedule and submit a supplemental joint status report with proposed schedule(s) by **June 3, 2024.** If a schedule is not unanimously agreed, the parties should support their proposals sufficiently for the Court to decide the best schedule to meet the needs of litigation.

Signed in Baton Rouge, Louisiana, on May 22, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**