**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

LAKEISHA VARNADO, individually,
and on behalf of minors, K.A.V.,
and K.E.V. and TREDONOVAN RABY,
 on behalf of minor T.R.
          Plaintiff,

    v.                                     No.     3:24-cv-133

JOSEPH CARBONI., in his personal
capacity; LORENZO COLEMAN, in his
personal capacity; TAFARI BEARD, in his
personal capacity; DAVID KENNEDY in his
personal Capacity; UNKNOWN OFFICER 1
 in his personal capacity;UNKNOWN
OFFICER 2 in his personal capacity;
 CITY OF BATON ROUGE, and
PARISH OF EAST BATON
ROUGE.

          Defendants.

**STATUS REPORT**

**A.    JURISDICTION**

What is the basis for the jurisdiction of the Court?

28 U.S.C. §§ 1331, 1367

**B.    BRIEF EXPLANATION OF THE CASE**

1.    Plaintiff claims:

Plaintiffs allege various constitutional torts, including unreasonable searches and
seizure, and excessive force, in connection with their arrests by BRPD officers.

Additionally, Plaintiffs allege several batteries were committed against them, including two of a sexual nature. They also allege the City-Parish is responsible for these harms via *Monell* and they assert a number of state law tort claims against the officer defendants as well.

2.    Defendant Carboni: On May 1, 2024, Carboni received a request for waiver of service of summons, which he returned on May 16, 2024. Pursuant to the executed Waiver of Service and F.R.C.P. Rules 4(d)(3) and 15(a)(3), the responsive pleading deadline is July 1, 2024. Accordingly, Carboni reserves the right to assert all applicable defenses and objections through its responsive pleading in response to Plaintiffs' claims.

Defendant Coleman.: On May 1, 2024, Beard received a request for waiver of service of summons, which it returned on May 3, 2024. Coleman files his answer along with affirmative defenses on August 1, 2024. Coleman denies all allegations made against him.

Defendant Beard: Defendant Beard has filed a Motion to Dismiss and assertion of Qualified Immunity (R. Doc. 25). Defendant has also moved for the stay of discovery based on the pending Motion.

Defendant Kennedy:

Defendant City-Parish: The City/Parish has filed a Motion to Dismiss; Alternatively, Motion for a More Definite Statement (Rec. Doc. 16). The City/Parish denies liability herein.

## C.    PENDING MOTIONS

List any pending motion(s), the date filed, and the basis of the motion(s):

Pending are Rule 12 Motions to Dismiss filed by the City/Parish and Officer Beard for failure to state a claim (both defendants) and qualified immunity (Beard). The City/Parish has also asserted a Motion for a More Definite Statement as alternative relief.

## D.    ISSUES

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

Plaintiff:

    **1.** Defendant Beard has filed a Motion to Dismiss and claimed Qualified Immunity and further moved to Stay Discovery;

    **2.** Defendant City/Parish Motion to Dismiss is awaiting disposition.

3.     Defendant Carboni: See B(2)

Defendant Coleman.: Coleman has a defense of Qualified Immunity.

Defendant Beard: See Beard's position in section B(2) above.

Defendant Kennedy:

Defendant City-Parish: Please refer to the City/Parish's submission within Section B(2) above.

## E.  DAMAGES

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1.     Plaintiff's calculation of damages:

Plaintiff's damages include compensatory damages and a request for punitive damages from the individual defendants. Their damages include those expenses incurred opposing the (subsequently dropped) criminal case against him.

2.     Defendant's calculation of offset and/or plaintiff's damages:

Defendant Carboni: See B(2)

Defendant Coleman.: See B(2)

Defendant Beard: See Beard's position in section B(2) above.

Defendant Kennedy:

Defendant City-Parish: Please refer to the City/Parish's submission within Section B(2) above.

3. Counterclaimant/cross claimant/third party's calculation of damages:

**F.    SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

Plaintiff:  No issues of which Plaintiff is aware.

Defendant Carboni: None

Defendant Coleman.: None

Defendant Beard: None

Defendant Kennedy:

Defendant City-Parish: None.

**G.    DISCOVERY**

1. Initial Disclosures:

    A.    Have the initial disclosures required under FRCP 26(a)(1) been completed?
                      [  ] YES    [ x] NO
    In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.
    B.    Do any parties object to initial disclosures?
                      [ X ] YES    [  ] NO
    For any party who answered *yes*, please explain your reasons for objecting.
    Defendant City-Parish: The City/Parish objects to submission of initial disclosures prior to timely responsive pleadings.
    Defendant Beard:  Beard objects to the submission of initial disclosures prior to him filing responsive pleading and having his qualified immunity defense decided.
    Defendant Carboni:  Carboni objects to the submission of initial disclosures prior to him filing responsive pleading and having his qualified immunity defense decided.

2. Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): None has been completed.

Defendant Carboni: None

Defendant Coleman.: None

Defendant Beard: Defendant Beard objects to discovery being conducted prior to the disposition of his Motion to Dismiss and assertion of Qualified Immunity (R. Doc. 25).

Defendant Kennedy:

Defendant City-Parish: None.

3.    Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.  (For example: are there any confidential business records or medical records that will be sought?  Will information that is otherwise privileged be at issue?)

Plaintiff:    Plaintiff anticipates that their medical records will be sought. They are also concerned (based on experience in current/past litigation) that the Parish Attorney will be limited in his ability to obtain and share discovery currently in the possession of BRPD.

Defendant Carboni: Unknown at this time.

Defendant Coleman.: Unknown at this time.

Defendant Beard: Defendant Beard objects to discovery being conducted prior to the disposition of his Motion to Dismiss and assertion of Qualified Immunity (R. Doc. 25).

Defendant Kennedy:
Defendant City-Parish: Unknown at this time.

4.    Discovery from experts:
Identify the subject matter(s) as to which expert testimony will be offered:
By plaintiff(s):
Plaintiffs may seek expert testimony concerning police procedure, detention and arrest techniques, and the use of force. Plaintiffs may also seek expert testimony regarding plaintiffs' physical and mental injuries and the use of "black sites." Plaintiffs may also seek expert testimony in the subject matter areas identified by the plaintiff.

By defendant(s):

Defendant Carboni: Carboni may call witnesses in the area of Police policies, practices, training, use of force, arrest and detention, and may call experts in the medical fields Plaintiffs have experts in regarding their alleged claims for physical and mental injuries.

Defendant Coleman.: Coleman may call witnesses in the area of Police policies, practices, training, use of force, arrest and detention, and may call experts in the medical fields Plaintiffs have experts in regarding their alleged claims for physical and mental injuries.

Defendant Beard: Defendant Beard may call witnesses in the area of Police policies, practices, training, use of force, arrest and detention, and may call experts in the medical fields Plaintiffs have experts in regarding their alleged claims for physical and mental injuries.

Defendant Kennedy:

Defendant City-Parish:  Police practices, policy, training, use of force, arrest and detention, and medical fields associated to Plaintiffs' claims for physical and mental injuries.

## H.    PROPOSED SCHEDULING ORDER

PLAINTIFF'S PROPOSAL :

Plaintiff's proposed deadlines depend almost entirely upon (1) how promptly the City-Parish tenders discovery related to the BRAVE Cave, and (2) whether the individual defendants invoke the Fifth Amendment at forthcoming depositions. Plaintiffs support moving this matter forward as promptly as possible.

Defendant Carboni: Carboni submits a scheduling order should not be entered until after all responsive pleadings are submitted and ruled upon as the qualified immunity defense is likely to be asserted.

Defendant Coleman.: Coleman submits a scheduling order should not be entered until after all responsive pleadings are submitted and ruled upon as the qualified immunity defense is likely to be asserted.

Defendant Beard: Defendant Beard submits a scheduling order should not be entered until after all responsive pleadings are submitted and ruled upon as the qualified immunity defense is likely to be asserted and said defense includes protection from pretrial discovery in § 1983 actions as such is costly, time-consuming, and intrusive.[1]

---

[1] *Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012).

Defendant Kennedy:

Defendant City-Parish: Proposed deadlines for discovery and subsequent litigation steps would be appropriate after disposition of the pending motions on qualified immunity.

    1.

## I.    TRIAL

    1.    Has a demand for trial by jury been made?

          [ x ]  YES   [ ] NO

    2.    Estimate the number of days that trial will require.

PLAINTIFF:  One week.

Defendant Carboni: Three to Five days

Defendant Coleman.: Three to Five days

Defendant Beard: Five days

Defendant Kennedy:

Defendant City-Parish: three to five days.

## J.    OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

          [ x ]  YES   [ ] NO

    i.    If the answer is *yes*, please explain:

Plaintiff – Plaintiff wishes to discuss spoliation issues.

Defendant Carboni: Scheduling order in light of qualified immunity defense

Defendant Coleman.:

Defendant Beard: Whether or not a scheduling order should be entered at this time given the likely assertion of qualified immunity defenses by the Defendants

which includes protection from pretrial discovery in § 1983 actions as such is costly, time-consuming, and intrusive.[2]

Defendant Kennedy:

Defendant City-Parish: None.

    ii.    If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?

## K.  SETTLEMENT

1.    Please set forth what efforts, if any, the parties have made to settle this case to date.

None.

2.    Do the parties wish to have a settlement conference:

        [ x ]  YES    [  ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

    Plaintiff is open to a settlement conference at any juncture.

    Defendant Carboni: After the Court has ruled on defense motions.

    Defendant Coleman.: After the Court has ruled on defense motions.

    Defendant Beard: At any point after rulings on Defendants Rule 12 motions.

    Defendant Kennedy:

    Defendant City-Parish: Any point in the case.

## L.     CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE

---

[2] *Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012).

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[  ]  YES    [ x ] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

/s/: Jessica F. Hawkins
_____
**Jessica F. Hawkins, LA Bar #38263**
P.O. Box 5072
Baton Rouge, LA 70802
T: (915)217-9192
E: jessicahawkins0421@gmail.com

**Ryan K. Thompson, LA Bar #38957**
**TRIAL ATTORNEY**
660 Richland Ave
Baton Rouge, LA 70806
T: (323)271-8032
E: RKTsocialjustice@gmail.com

**COUNSEL FOR PLAINTIFFS**

**RESPECTFULLY SUBMITTED:**
**A.  GREGORY ROME**
**PARISH ATTORNEY**

**/s/ Michael P. Schillage**
_____
**Michael P. Schillage (#35554)**
**Sr. Special Assistant Parish Attorney**

222 St. Louis Street, Suite 902
Baton Rouge, Louisiana 70802
Tel.:    (225) 389-3114
Fax:    (225) 389-8736
Email: mschillage@brla.gov
*Attorney for Defendant, City of Baton
Rouge/Parish of East Baton Rouge*

Respectfully submitted,
  /s/ Kyle P. Kirsch
**KYLE P. KIRSCH (Bar No. 26363)**
**E. MADISON BARTON (Bar No. 36719)**
**WANEK KIRSCH DAVIES LLC**
1340 Poydras Street, Suite. 2000
New Orleans, LA 70112
Telephone: 504-324-6493
Facsimile: 504-324-6626
Email: mbarton@wkdlawfirm.com
*Attorneys for Defendant Tafari Beard*

**B.  KYLE KERSHAW (#23161)**
*Attorney for Joseph Carboni*
212 Laurel Street
Baton Rouge, Louisiana  70801
Telephone: (225)336-9600
Facsimile: (225)709-1554
Email: kylekershaw@bellsouth.net

*/s/John S. McLindon_____*
*JOHN S. MCLINDON (#19703)*
*Attorney for Lorenzo Coleman*
*12345 Perkins Rd. Bldg. 2, Suite 202*

*Baton Rouge, Louisiana 70810*
*Tele: 225-408-0362*
*Cell: 225-603-6493*
*Email: john@mclindonlaw.com*

Report dated: September 5, 2024

## NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF

## CIVIL CASE BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c), you are hereby notified that all of the parties in this civil case may consent to allow a United States Magistrate Judge of this district court to conduct any and all proceedings, including trial of the case and entry of a final judgment.

You may consent by signing the form contained within the status report, or you may use the attached form at any later stage of the proceedings should you decide at that time to proceed before the United States Magistrate Judge. A copy of a consent form is enclosed and is also available from the clerk of court.  In the event all parties consent to proceed before the Magistrate Judge, the signed consent form must be filed with the court electronically, but ONLY AFTER **ALL** PARTIES HAVE SIGNED THE FORM.

You should be aware that your decision to consent, or not to consent, to the disposition of your case before a United States Magistrate Judge is entirely voluntary. Either the district judge or the magistrate judge may again advise the parties of the availability of the magistrate judge, but in doing so, shall also advise the parties that they are free to withhold consent without adverse consequences.

Please note that the parties may appeal the magistrate judge's decision directly to the court of appeals in the same manner as an appeal from any other judgment of the district court.

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PLAINTIFF**                                              **CIVIL ACTION**

**VERSUS**
                                                          **NO.**
**DEFENDANT**


## CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c), the parties to the above captioned civil proceeding hereby waive their right to proceed before a United States District Judge and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including but not limited to the trial of the case, and order the entry of judgment in the case.

The parties are aware that in accordance with 28 U.S.C. 636(c)(3), any aggrieved party may appeal from the judgment directly to the United States Court of Appeals for the Fifth Circuit in the same manner as an appeal from any other judgment of the district court.

| Date | Party Represented | Pro Se or Atty. Name | Pro Se or Atty. Signature |
|------|-------------------|----------------------|---------------------------|
|      |                   |                      |                           |
|      |                   |                      |                           |
|      |                   |                      |                           |
|      |                   |                      |                           |
|      |                   |                      |                           |