UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JEREMY LEE,<br><br>   Plaintiff,<br><br> v.<br><br>TROY LAWRENCE, JR., in his personal capacity, MATTHEW WALLACE, in his personal capacity, JOSEPH CARBONI, in his personal capacity, CITY OF BATON ROUGE, and PARISH OF EAST BATON ROUGE.<br><br>   Defendants. | No. 3:23-cv-01229-SDD-SDJ |

**<u>Plaintiff's Memorandum in Support of Opposed Motion to Amend Complaint to Add a Plaintiff and Defendant</u>**

### I. PROCEDURAL BACKGROUND

At the time of incident, on January 9, 2023, Ms. T'Niyah Bass was 16 years of age, 7 months pregnant, and living without parental supervision and had no contact with her mother for an extended period of time. This complaint was filed on behalf of Jeremy Lee on August 29, 2023, relating to abuses suffered at the BRAVE Cave at the hands of various BRPD officers. At the time of filing, Ms. Bass was still only 17 years of age and not legally emancipated from her parents. Under Louisiana law Minors lack the legal capacity to bring actions[1]

Four days after Ms. Bass' 18th birthday on July 12, 2024, Chief Judge Shelly Dick ruled in favor of Plaintiffs Jeremy Lee and Ternell Brown relative to an injunction they filed against BRPD for the continued use of their unconditional strip search policy.[2] In that Ruling Judge Dick stated, "the issue before the Court on these motions is whether the BRPD's strip search policy regarding **non-arrestees** is constitutional. This policy, General Order No. 281, allows police officers to conduct strip searches based on an "individualized articulable reasonable suspicion" standard; it does not require probable cause to strip search. Because the United States Supreme Court has plainly held that probable cause is required to go beyond a frisk or pat-down of a citizen during an investigatory stop, the Court finds that General Order No. 281, Section III.C **<u>is unconditional on its face</u>** and must be enjoined."

---

[1] Louisiana Code of Civil Procedure article 682 entitled "Individuals having procedural capacity" provides:
"A competent major and a competent emancipated minor have the procedural capacity to sue."
[2] Rec Doc. 96 of Jeremy Lee in Lee v. Lawrence Jr, et al., Case No. 23-cv-01229-SDD-SDJ.

Given this ruling, the facts of this case and the legal principles applicable to minors who are victims of (sexual) abuse, undersigned brings this instant motion.

## II.  LEGAL STANDARDS

1. Louisiana Civil Code Article 3496.1. Action against a person for abuse of a minor is subject to a liberative prescriptive period of three years. This prescription commences to run from the day the minor attains majority, and this prescription, for all purposes, shall be suspended until the minor reaches the age of majority. This prescriptive period shall be subject to any exception of peremption provided by law.

2. Louisiana Civil Code Article 3496.2 states that the liberative prescription of three years applies to "[a] delictual action against a person for any act of sexual assault, as defined in R.S. 46:2184[.]"[3]

3. Louisiana Children's Code article 603 (2)(a) defines "abuse" of a minor as: (2) "Abuse" means any one of the following acts that seriously endanger the physical, mental, or emotional health, welfare, and safety of the child: (a) The infliction, attempted infliction, or, as a result of inadequate supervision, the allowance of the infliction or attempted infliction of physical or mental injury upon the child by a parent or any other person.

4. Federal Rule of Civil Procedure Rule 19 in pertinent part requires joinder of parties when:
   > "**(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
   >   **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
   >   **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

5. Federal Rule of Civil Procedure Rule 20 provides in pertinent part:
   > **"(1)** Plaintiffs. Persons may join in one action as plaintiffs if:
   >   **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
   >   **(B)** any question of law or fact common to all plaintiffs will arise in the action.
   >
   >   **(2)** Defendants. Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
   >   **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
   >   **(B)** any question of law or fact common to all defendants will arise in the action."

---

[3] *See LeFebure v. Boeker*, ("the Court finds that the three-year prescriptive period applies to Plaintiff's claims of rape, sexual battery, sexual assault, IIED, and NIED.")

### III. ARGUMENT

On August 29, 2023, plaintiff Jeremy Lee filed this instant complaint against defendants Troy Lawrence Jr., Matthew Wallace, Joseph Carboni, and the City/Parish of East Baton Rouge. The complaint alleges that on January 9, 2023, police arrived in front of a house in the area of 5400 Cadillac Street, Baton Rouge, Louisiana. Mr. Lee brought the following claims against the defendants:

> Count 1. Excessive force
> Count 2. Unreasonable search
> Court 3. Unreasonable seizure
> Count 4. First Amendment Retaliation
> Count 5. Malicious Prosecution;
> Count 6. Monell Liability for the above counts;
> Count 7. Failure to Intervene;
> Count 8. Assault
> Count 9. Battery
> Count 10. False Imprisonment
> Count 11. Defamation
> Count 12. Negligence
> Count 13. Malicious Prosecution
> Count 14. Intentional Infliction of Emotional Distress

On the same day, a 16 year old, 7 months pregnant, Ms. T'Niyah Bass exited the house on Cadillac street with no shoes on to join two more females who were eating crawfish near a vehicle. Ms. Bass is now 18 years of age and claims an interest relating back to January 9, 2023, whereby both she and plaintiff Mr. Lee both suffered violations of their rights at the hands of multiple BRPD officers at 5400 Cadillac Street, Baton Rouge, Louisiana. Both parties were both subsequently taken to the B.R.A.V.E Cave where they were subjected to unconstitutional strip searches, and Mr. Lee a beating, all of which arise out of the same transaction, occurrence, or series of transactions or occurrences as alleged by Mr. Lee in the original complaint. Furthermore, if Mr. Lee's complaint(s) are disposed of in Ms. In Bass' absence she will lose her ability to protect her interest. Further, if additional defendants are not added, the existing defendants would be forced to incur multiple obligations.

Ms. Bass is now of the age of majority and given the lawlessness of the defendants actions and the age of Ms. Bass on January 9, 2023, Ms. Bass contends that she is now entitled to bring the current claims as a Plaintiff in the ongoing action against the named defendants and has the right to bring action against additional defendants whose actions also caused harm and stem from the same transaction and occurrence.

## IV. CONCLUSION

WHERFORE, for the reasons set forth herein, the Plaintiff prays that pursuant to Rules 15, 19, and 20 of Federal Rules of Civil Procedure, this court grants Plaintiff's *Motion to Amend* the Complaint filed in this action to allow for the addition of a Plaintiff and a Defendant.

/**s**/ Ryan K. Thompson

**Ryan K. Thompson, LA Bar #38957**
**TRIAL ATTORNEY**
660 Richland Ave
Baton Rouge, LA 70806
T: (323)271-8032
E: RKTsocialjustice@gmail.com

**Jessica F. Hawkins, LA Bar #38263**
P.O. Box 5072
Baton Rouge, LA 70802
T: (915)217-9192
E: jessicahawkins0421@gmail.com

### *Certificate of Service*

I hereby certify that a copy of the foregoing has been filed and delivered to all parties utilizing the Courts CM/ECF online system.

**/S/: Jessica F. Hawkins**
Jessica F. Hawkins