UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JEREMY LEE,

    Plaintiff, hnh

  v.

TROY LAWRENCE, JR., in his personal capacity, MATTHEW WALLACE, in his personal capacity, JOSEPH CARBONI, in his personal capacity, CITY OF BATON ROUGE, and PARISH OF EAST BATON ROUGE.

    Defendants.

No.   3:23-cv-01229-SDD-SDJ

**Plaintiff's Reply Memorandum to Defendant's Opposition to Motion to Amend Complaint to Add a Plaintiff and Defendant**

### I. Rule 15 Law and Analysis : Amendment of Pleadings

Rule 15 of the Federal Rules of Civil Procedure states, in pertinent part:

> **"(2) *Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. **The court should freely give leave when justice so requires.** F.R.C.P. Rule 15(a)(1)-(2)."

*Foman v. Davis*[1] drives the analysis under this section of the reply. In *Foman* the United States Supreme Court stated:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.... In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

---

[1] *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Furthermore, it is well-settled in the Fifth Circuit that leave to amend a complaint, even after an answer has been filed in a matter, should be freely given.[2] In Boudreaux citing *Dussouy v. Gulf Coast Investment Corporatio*n  the court stated:

> "[T]he Fifth Circuit has repeatedly held that Rule 15(a) evinces a liberal amendment policy. *See, e.g., Lowrey v. Texas A & M University System*, 117 F.3d 242, 245 (5th Cir. 1997) ("Rule 15(a) expresses a strong presumption in favor of liberal pleading"); *Nance v. Gulf Oil Corporation*, 817 F.2d 1176, 1180 (5th Cir. 1987) ("Federal Rule 15(a) counsels a liberal amendment policy"); *Youmans v. Simon*, 791 F.2d 341, 348 (5th Cir. 1986) ("The policy underlying Rule 15(a) is one in favor of liberal amendment."); *Foster v. Daon Corporation*, 713 F.2d 148, 152 (5th Cir. 1983) (the purpose of Rule 15(a) "is to assist the disposition of the case on its merits, and to prevent pleadings from becoming ends in themselves"); *Chitimacha Tribe of Louisiana v. Harry L. Laws Company, Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982) (district courts should err on the side of allowing amendments), cert. denied, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983). **A motion to amend, therefore, should not be denied unless there is a substantial reason to do so**. *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998), *citing Lefall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994).[3]

In this instance, the attorneys for the City/Parish and officer Wallace cite Louisiana state jurisprudence as their authority for their analysis under F.R.C.P. Rule 15(a)(1)-(2)[4] and does not provide a **substantial reason** the court should not grant our motion. However, undersigned herein went through the painstaking process of attempting to decipher the Defendants' argument(s) as to why the amendment should not be granted under F.R.C.P. Rule 15(a)(1)-(2) and to the best of the best of undersigned's understanding, the Defendants City/Parish and Wallace argue that they would be prejudiced due to discovery issues. One being, the deposition of officer Wallace on issues pertaining to Ms. Bass. However, this argument is without merit for several reasons.

---

[2] *Boudreaux v. U.S. Framing*, No. CV 6:17-0517, 2018 WL 4089059, at *1 (W.D. La. Aug. 23, 2018).
[3] *Id*.
[4] *See* Page 4 paragraph 3 through page 5 of the Defendant's *Memorandum in Opposition* [Rec Doc 114].

First, on August 27, 2024, undersigned filed an *Unopposed Motion to Establish New Pretrial Deadlines with Request for Expedited Consideration* and the court granting said motion established the following new deadlines:

1. Amended Pleadings due by 3/3/2025.
2. Discovery due by 6/30/2025.
3. Plaintiff's Expert Witness List due by 2/28/2025.
4. Defendant`s Expert Witness List due by 3/31/2025.
5. Plaintiff`s Expert Reports due by 6/2/2025.
6. Defendant`s Expert Reports due by 6/30/2025.
7. Discovery from Experts due by 8/28/2025.

Second, Plaintiffs are currently seeking an *order* from this court that long outstanding discovery owed by the City/Parish are due to "[t]he false representations" by counsel for City/Parish that critical discovery (e.g., IA files, email chains, etc.) had already been shared when, in fact, they were not."[5] This, coupled with the fact that on August 6, 2024, despite the promise that the requested discovery would be provided, the City/Parish again provided incomplete responses to plaintiff's discovery requests. Hence, considering the fact that we are currently litigating the issue of discovery, Plaintiff maintains that it is disingenuous for the defendants to argue that a delay in discovery would somehow prejudice their clients.

Lasty, the movants conveniently leave out the fact that on September 25, 2024 attorneys for Plaintiff (Lee) deposed Defendant Wallace on the facts surrounding not only Mr. Lee, but Ms. Bass's sexual assault. During that deposition Detective Wallace reviewed his body-worn camera footage of his interactions with Ms. Bass and the transport of Ms. Bass to the B.R.A.V.E Cave at his direction. Therefore, there (1) is no new defense that needs to be mounted/prepared for and (2) neither Defendants Wallace nor the City/Parsh need to be re-deposed on facts and circumstances that they admittedly were aware of or had reason to be aware of because the facts arose out of the same transaction and occurrence as Mr. Lee.

---

[5] Rec Doc 105.

## II.    Rule 19 and 20 Law and Analysis -Logical Relationship Standard

Plaintiffs maintain that the logical relation standard found in *Hanley*[6] leads one to logically arrive at the conclusion that Ms. Bass' claims arise out of the same transaction and occurrence as Mr. Lee. The *Hanley* court, applying the analysis first established under *Mosley*[7] stated:

> "Rule 13, the joinder of cross-claims and counterclaims rule, also uses a "transaction or occurrence" test. For purposes of Rule 13, " '[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. New York Cotton Exch.,* 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926) (interpreting precursor to Rule 13). "The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding."
>
> The "logical relation" interpretation of Rule 20 is not antithetical to Fifth Circuit precedent. **First**, Rule 20 logically compels such a notion of what makes a group of operative facts into a transaction, occurrence, or series thereof. **Second**, the Fifth Circuit seems willing to analogize Rules 20 and 13."[8]

The analysis asks the question of whether there is some connection or logical relationship between the various transactions or occurrences or is there some nucleus of operative facts or law. Plainly stated, is there a common right to relief that arose out of a common nucleus of operative facts or law.

In this instance, there is a common pattern of claims alleging the same culpable conduct against the same defendant over the same period of time. Specifically, both Mr. Lee and Ms. Bass make claims of excessive force, battery, assault, unreasonable search, and unreasonable seizure. Further, on January 9, 2023, at 5400 Cadillac street, both Plaintiffs were initially contacted by BRPD officer Matthew Wallace upon his arrival to the above address. Moreover,

---

[6] *Hanley v. First Investors Corp*. United States District Court, E.D. Texas, Beaumont Division.September 21, 1993.
[7] *Mosley v. General Motors Corp,* 497 F.2d 1330 (8th Cir.1974).
[8] *Hanley v. First Investors Corp*. United States District Court, E.D. Texas, Beaumont Division.September 21, 1993.

after prolonged detention in the back of BRPD units on-scene— and multiple pre-BRAVE Cave strips searches being conducted on both plaintiffs—both Mr. Lee and Ms. Bass were subsequently arrested, and subsequently strip searched and interrogated at the same location– all at the behest of lead Detective Wallace. Therefore, this logical relationship between Mr. Lee's and Ms. Bass' claims show that the facts giving rise to each individual claim are part of a "series of transactions or occurrences" giving rise to common questions of both fact and law. Thus, joinder would also be proper under Rules 19 and 20 using the *Mosley* and *Hanley* standard.

### III.   Ms. Bass's State and Federal Claim Have Not Prescribed.

Petitioner objects and maintains that the question of prescription is not properly before this court and should be raised via a *Motion to Dismiss* or similarly at the Summary Judgment stage. Therefore, Petitioners object to this issue being raised, heard and ruled upon via the defendants opposition to petitioner's amended complaint. However, Petitioners nonetheless submits argument against prescription as follows:

### A. *LeFebure v. Boeker*[9] (citing *Sherman*[10] and *Creighton*[11]) is the authority for determining whether Ms. Bass's State Law claims have prescribed.

In their *Opposition*, on pages 1-2 under the heading "*Standards of Law*" the Defendants admit that only Rules 15, 19, and 20 are at issue in this matter, not prescription.The defendants' motion appears to be a copy and paste job, as nowhere in complaints–amended or otherwise–do the Plaintiffs cite a cause of action under the eighth Amendment of the constitution. However,

---

[9] *LeFebure v. Boeker*, CIVIL ACTION 17-1791-SDD-EWD (M.D. La. Jun. 26, 2019).
[10] *Sherman v. Irwin*, 2019 WL 266314 (E.D. La. Jan. 18, 2019).
[11] *Creighton v.Evergreen Presbyterian Ministries, Inc*., 214 So.3d 860 (La. Jan. 9, 2017) (where the Louisiana Supreme Court reversed the lower courts' granting of a peremptory exception of prescription regarding claims of battery and remanded the matter to the district court "to allow the parties to fully address the applicability of La. C.C. art. 3493.10").

out of an abundance of caution, Plaintiffs will provide the relevant law and analysis under Ms. Bass' state and federal claims.

In *LeFebure* this court stated the following when addressing state law "claims" of sexual assault and battery:

> "In *Sherman v. Irwin*, the United States District Court for the Eastern District of Louisiana considered claims of intentional infliction of emotional distress and sexual assault. In that matter, the defendants were police officers who were alleged to have raped and sexually assaulted the plaintiff on multiple occasions. The plaintiff asserted claims under both Section 1983 as well as state law. The Eastern District addressed the applicability of the one-year prescriptive period versus the three-year prescriptive period to the state law claims and found that Louisiana Civil Code article 3496.2 applies to claims of sexual assault. The court also stated that it was 'reasonable' that any state law claims, such as a claim of intentional infliction of emotional distress, based on an 'act of sexual assault,' would likewise be subject to the three-year prescriptive period. . ."

***In this instance Ms. Bass has alleged in her pending amended petition the following "claims":***
  **(a)** assault (Count VIII);
  **(b)** battery (COUNT IX);
  **(c)** abuse of a minor in violation of the Louisiana Children's Code[12] and La.C.C. article 3496.1[13] (Count XIV);
  **(d)** sexual assault in violation of La.C.C. article 3496.2[14] (Count XV);and
  **(e)** Intentional Infliction of Emotional Distress (Count XVI).

These acts, which Ms. Bass' claims are based upon, arise out of the sexual battery and assaults that occurred at the direction of Detective Wallace and other BRPD officers on January 9, 2023, in the vicinity of 5400 Cadillac street, the First District Precinct, and the B.R.A.V.E. Cave. All of these acts arising out of the same common nucleus of acts of the defendants in Mr. Lee's original

---

[12] Louisiana Children's Code article 603 (2)(a) defines "abuse" of a minor as: (2) "Abuse" means any one of the following acts that seriously endanger the physical, mental, or emotional health, welfare, and safety of the child: (a) **The infliction**, attempted infliction, or, as a result of inadequate supervision, the allowance of the infliction **or attempted infliction of physical or mental injury upon the child by** a parent or **any other person**.

[13] Louisiana Civil Code Art. 3496.1 provides "an action against a person for abuse of a minor is subject to a liberative prescriptive period of three years. This prescription commences to run from the day the minor attains majority, and this prescription, for all purposes, shall be suspended until the minor reaches the age of majority. This prescriptive period shall be subject to any exception of peremption provided by law."

[14] Art. 3496.2. provides, "[a] delictual action against a person for any act of sexual assault, as defined in R.S. 46:2184, is subject to a liberative prescription of three years. This prescription commences to run from the day the injury or damage is sustained or the day the victim is notified of the identity of the offender by law enforcement or a judicial agency, whichever is later. This prescriptive period shall be subject to any exception of peremption provided by law."

complaint. Therefore, accepting all allegations as true, Ms. Bass's claims have not prescribed as of the filing of the amended complaint.

B. **La. Code of Civil Procedure Articles 3496.2 (three years for sexual assault) and Art. 3496.1 (three years from age of majority for abuse of a minor) are the authorities for determining whether Ms. Bass's State Law claims have prescribed.**

Section 1983 does not have a statute of limitations, so it borrows the statute of limitations for generic torts from each state[15]. Historically, that was one year. However on June 03, 2024, Governor Landry signed HB 315 into law as Act 423 and became effective on July 1, 2024. The law repealed Louisiana's one-year default statute of limitations for tort actions, and replaced it with a two year statute of limitations for actions arising after July 1, 2024. However, the code also states "There is no prescription other than that established by legislation."[16] Therefore, because there is a gap in the law for Ms. Bass and those similarly situated like her, we look to the next applicable statutes for Ms. Bass. Those statutes are:

> **Louisiana Civil Code Article 3496.2**
> "[a] delictual action against a person for any act of sexual assault, as defined in R.S. 46:2184, is subject to a liberative prescription of three years. This prescription commences to run from the day the injury or damage is sustained or the day the victim is notified of the identity of the offender by law enforcement or a judicial agency, whichever is later. This prescriptive period shall be subject to any exception of peremption provided by law."; and

> **Louisiana Civil Code Article 3496.1**
> "an action against a person for abuse of a minor is subject to a liberative prescriptive period of three years. This prescription commences to run from the day the minor attains majority, and this prescription, for all purposes, shall be suspended until the minor reaches the age of majority. This

---

[15] *Burnett v. Grattan*, 468 U.S. 42, 47 (1984). *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985.
[16] Civil Code Art. 3457, entitled " Prescription established by legislation only" states "there is no prescription other than that established by legislation."

prescriptive period shall be subject to any exception of peremption provided by law."

In this case, Ms. Bass is well within her time limitations to file and, therefore, her claims have not prescribed.

### IV.    **Conclusion**

In conclusion because the "party pleading prescription bears the burden of proving it"[17] and in accordance with and in the interest of justice, Petitioners should be allowed to amend the complaint to include Ms. Bass and all other relevant defendants named and unknown at this time.

/s/ Ryan K. Thompson

**Ryan K. Thompson, LA Bar #38957**
**TRIAL ATTORNEY**
660 Richland Ave
Baton Rouge, LA 70806
T: (323)271-8032
E: RKTsocialjustice@gmail.com

**Jessica F. Hawkins, LA Bar #38263**
P.O. Box 5072
Baton Rouge, LA 70802
T: (915)217-9192
E: jessicahawkins0421@gmail.com

---

[17] Caronna v. Curry, 473 So. 2d 355, 356 (La. App. 5th Cir. 1985) (quoting City of New Orleans v. Century Management, Inc., 442 So.2d 831 (La. App. 4th Cir. 1983) ).

<u>***Certificate of Service***</u>

    I hereby certify that a copy of the foregoing has been filed and delivered to all parties utilizing the Courts CM/ECF online system.

<u>**/S/: Jessica F. Hawkins**</u>
Jessica F. Hawkins