**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

JEREMY LEE — CIVIL ACTION

VERSUS — 23-1229-SDD-SDJ

TROY LAWRENCE, JR., IN HIS PERSONAL CAPACITY, MATTHEW WALLACE, IN HIS PERSONAL CAPACITY, JOSEPH CARBONI, IN HIS PERSONAL CAPACITY, MURPHY PAUL, IN HIS PERSONAL AND OFFICIAL CAPACITY, BATON ROUGE POLICE DEPARTMENT, CITY OF BATON ROUGE, AND PARISH OF EAST BATON ROUGE

**RULING**

Before the Court is a Motion in Limine jointly filed by the Defendants, Troy Lawrence, Jr. ("Lawrence"), Matthew Wallace ("Wallace"), Joseph Carboni ("Carboni") and the City of Baton Rouge and Parish of East Baton Rouge ("City/Parish").[1] The Plaintiff did not file an Opposition.

Even though the Plaintiff did not file an opposition, the substance of the Defendants' Motion in Limine was discussed by the Court and counsel for the parties at the Pretrial Conference held on August 18, 2026. For the convenience of the parties and to streamline the presentation of evidence at trial, the Court rules as follows:

1. Undisclosed Expert Opinions from Treating Providers

   A treating physician is not required to prepare a written report. Rule 26(a)(2)(C) still requires disclosure of the subject matter of the provider's

[1] Rec. Doc. 200. The only remaining Defendants are Troy Lawrence and the East Baton Rouge City Parish. See Rec. Doc. 193.

expert testimony and a summary of the facts and opinions the provider is expected to offer. Plaintiff failed to disclose which provider, if any, would offer opinions concerning medical causation, mechanism of injury, prognosis, future treatment, or the allocation of plaintiff's alleged injuries among the individual Defendants.

The treating medical providers shall be precluded from providing opinion testimony beyond prognosis and diagnosis set forth in the provider's medical records.

2. <u>Collective attribution of alleged misconduct or injury to multiple defendants</u>

   This Motion is Granted as moot because the only remaining defendants are Troy Lawrence and the City Parish.

3. <u>Events involving the Defendants after the plaintiff's arrest on January 9, 2026</u>

   Defendant Troy Lawrence's subsequent arrest for Simple Battery, later dismissed, is excluded. The arrest did not result in a conviction. FRE 609. The subsequent arrest is not probative of truthfulness. FRE 608(b). The subsequent arrest of Lawrence is inadmissible propensity evidence under FRE 404 and is furthermore more prejudicial than probative of any material issues. FRE 403. The Motion is Granted.

4. <u>Motion to preclude the Plaintiff from using terms like "Torture Warehouse" or "Black Site"</u>

   The parties have uniformly referred to the subject processing facility as the "Brave Cave." The Motion is Granted as to any other pejorative description of the facility.

5. <u>Evidence of other Brave Case incidents</u>

   The Motion is deferred to the merits.

6. <u>Subsequent Remedial Measures</u>

   The motion to exclude evidence of subsequent remedial measures was conceded by Plaintiff's counsel at the pretrial conference. Hence, the Motion is Denied as moot.

7. <u>Evidence of missing video or argument of a cover-up</u>

   The Motion is deferred to the merits. All objections are preserved.

8. <u>Motion to exclude argument that dismissal of Plaintiff's charges is evidence of the lack of probable cause.</u>

   The Motion is Denied as moot because of the Court's Ruling on Summary Judgment.[2]

9. <u>Motion to exclude reference to the Preliminary Injunction, Settlement Negotiations, Insurance or Indemnification.</u>

   The Motion is Granted as conceded by the Plaintiff at the pretrial conference.

10. <u>Motion to exclude evidence of economic damages</u>

    The Motion is Granted. Rule 26(a)(1)(A)(iii) required Plaintiff to disclose "a computation of each category of damages claimed" and the materials supporting it. Rule 37(c)(1) bars the use of undisclosed damages evidence at trial. The Plaintiff failed to disclose any evidence of future lost wages or income, diminished earning capacity, future earnings loss, future medical or psychological expenses, or any other economic damages.

Signed in Baton Rouge, Louisiana, on this 9th day of September, 2026.

Shelly D. Dick

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

[2] Rec. Doc. 193.