**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**JEREMY LEE** **NO.: 3:23-cv-01229-SDD-SDJ**

**vs.**

**TROY LAWRENCE, JR., ET AL.** **CIVIL ACTION**

# PLAINTIFF'S RESPONSE TO COURT'S ORDER REGARDING TRIAL SETTING

**MAY IT PLEASE THE COURT:**

Plaintiff Jeremy Lee, through undersigned counsel, respectfully submits this Response to the Court's Order [Dkt. 209] rescheduling the trial in this matter from September 14, 2026, to September 21 through September 25, 2026. Plaintiff respectfully requests that the Court reconsider the September 21 trial setting and reset trial for September 28, 2026.

Plaintiff makes this request with full appreciation for the Court's management of its trial calendar and the accommodations the Court has already made in attempting to address counsel's competing trial obligations. Plaintiff does not seek reconsideration lightly. Rather, the circumstances that undersigned counsel previously advised the Court could create a conflict have now materialized.

Plaintiff's undersigned counsel is also lead trial counsel in *Cisneros v. Regents* of the *University of California*, pending in California ("*Cisneros*"). The *Cisneros* matter was originally scheduled to commence trial on September 8, 2026.

*Cisneros* did not commence on September 8 because the California court remained engaged in another trial. On September 9, 2026, when the parties appeared before the California court for a continued Final Status Conference, the court informed the parties that the *Cisneros* trial would commence on Monday, September 14, 2026.

Upon learning of the September 14 commencement date, undersigned counsel promptly advised this Court of the resulting conflict. Counsel specifically informed this Court that, in light of his trial obligations in *Cisneros*, September 28, 2026, was the earliest date on which he could assure his availability for trial in this matter. The Court thereafter reset this matter from September 14 to September 21, 2026.

Accordingly, undersigned counsel will now actually be engaged in the *Cisneros* jury trial when this matter is presently scheduled to commence on September 21. Undersigned counsel is lead trial counsel in *Cisneros* and is also lead trial counsel for Plaintiff Jeremy Lee in this action. Counsel cannot physically attend and adequately represent clients in two separate jury trials proceeding simultaneously in two different states.

Importantly, the parties in *Cisneros* have estimated that trial will require approximately seven court days. Based upon that estimate and the September 14 commencement date, undersigned counsel reasonably anticipates that the *Cisneros* trial will conclude sufficiently in advance for counsel to proceed with trial in this matter on September 28. Thus, Plaintiff is not requesting an indefinite or lengthy continuance. Plaintiff respectfully requests only that trial be moved one additional week, from September 21 to September 28, 2026—the same date undersigned counsel identified to this Court immediately after learning of the September 14 *Cisneros* trial setting.

This request is not made for purposes of delay, nor is it the result of counsel's failure to diligently prepare for trial or a scheduling commitment undertaken after this Court set trial for September 21. To the contrary, counsel acted promptly. When the California court informed the parties at the September 9 continued Final Status Conference that *Cisneros* would commence September 14, undersigned counsel promptly brought the conflict to this Court's attention and

identified September 28 as his earliest assured date of availability.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4). The Fifth Circuit has explained that the good-cause inquiry requires consideration of whether the deadline or schedule can reasonably be met despite the diligence of the party seeking relief. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, NA, 315 F.3d 533, 535–36 (5th Cir. 2003). Courts also consider the explanation for the requested modification, the importance of the requested relief, potential prejudice to the opposing party, and whether a continuance is available to cure any such prejudice. *Id*. at 536. Those considerations weigh in favor of the limited relief requested here.

First, Plaintiff and his counsel have acted diligently. The September 14 commencement date for *Cisneros* was communicated to the parties by the California court on September 9. Undersigned counsel promptly advised this Court of that development and specifically identified September 28 as the earliest date on which he could assure his availability. The present request therefore does not arise from a newly created scheduling commitment or a conflict that counsel failed to disclose. Counsel brought the issue to the Court's attention immediately upon learning that *Cisneros* would not commence as originally scheduled and would instead begin September 14.

Second, the requested relief is important. Plaintiff should not be required to proceed to trial without the attorney who has been principally responsible for the preparation and prosecution of this matter and who is expected to serve as lead trial counsel. Substitution of lead trial counsel at this stage would be impractical and would unnecessarily prejudice Plaintiff's ability to present his case.

Third, the requested continuance is exceedingly limited. Plaintiff is not requesting that the

matter be continued for months or to an indefinite future date. Plaintiff requests that the September 21 trial be moved only one week to September 28. Given the approximately seven-court-day estimate for the *Cisneros* trial, counsel reasonably anticipates being available to proceed on that date.

Fourth, the requested one-week adjustment should not cause undue prejudice to Defendants. Any limited inconvenience associated with moving trial by one week is substantially outweighed by the prejudice that would result from requiring Plaintiff's lead trial counsel to choose between two jury trials proceeding simultaneously in different jurisdictions.

Finally, continuing trial to September 28 is the narrowest and most practical means of resolving the conflict. It accommodates counsel's existing trial obligation, is the same date counsel previously provided to this Court immediately after learning of the September 14 *Cisneros* setting and minimizes disruption to this Court's calendar.

Plaintiff recognizes and respects this Court's need to manage its trial calendar and appreciates the Court's efforts to accommodate the parties. Counsel likewise recognizes the importance of firm trial dates and does not seek reconsideration lightly. Counsel's prompt notification to this Court following the September 9 continued Final Status Conference demonstrates his effort to address the conflict at the earliest possible opportunity.

Counsel also wishes to advise the Court, in the interest of transparency concerning his availability, that during the week of October 12, 2026, he is scheduled to undergo a serious medical procedure that will require a period of recovery. As a result, counsel will be medically unavailable and unable to participate in trial during the procedure and recovery period. Counsel respectfully provides this information to the Court so that his medical unavailability may be taken into consideration when determining an appropriate trial date. Counsel has intentionally refrained from

disclosing the specific nature of the procedure or underlying medical condition due to its private and confidential nature and will provide additional information or supporting documentation to the Court under seal or for *in camera* review if the Court deems it necessary.

For this additional reason, September 28, 2026, presents a particularly practical solution. It accommodates the now-certain *Cisneros* trial, is consistent with the availability counsel previously provided to the Court and avoids the period during which counsel will be unavailable due to the serious medical procedure and necessary recovery beginning in October.

Under these circumstances, Plaintiff respectfully submits that good cause exists for the Court to reconsider the September 21–25, 2026 trial setting and continue trial to September 28, 2026. The requested adjustment is limited to one week and represents the earliest date on which undersigned counsel previously advised the Court he could assure his availability.

WHEREFORE, Plaintiff Jeremy Lee respectfully requests that the Court find good cause exists, reconsider the September 21–25, 2026 trial setting, continue trial to September 28, 2026, adjust any corresponding pretrial deadlines as necessary, and grant such other and further relief as the Court deems just and appropriate.

Dated: September 11, 2026

**RESPECTFULLY SUBMITTED:**

*/s/ Ryan K. Thompson*

**RYAN K. THOMPSON, ESQ.**
Thompsonjusticeinstitute@outlook.com
**JESSICA F. HAWKINS, ESQ.**
jessicahawkins0421@gmail.com
Attorneys for Plaintiff, JEREMY LEE

/s/ Rodney S. Diggs
**RODNEY S. DIGGS, ESQ. (SBN 274459)**
rdiggs@imwlaw.com
**BRANDON R. TANTER, ESQ. (SBN 351037)**
btanter@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
A Professional Law Corporation
444 S. Flower Street, Suite 3200
Los Angeles, California 90071
Tel. (213) 489-0028
Fax (213) 489-0552
***Attorney for Jeremy Lee (pro hac vice)***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was this date sent to all counsel of record by electronic mail to the email address listed with the Court's electronic filing system, facsimile, and/or U.S. mail, postage prepaid and properly addressed. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, postage prepaid, and properly addressed.

Los Angeles, California this 11 day of September 2026.

**/s/ Le Chaune Metoyer**
Le Chaune Metoyer