**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JEREMY LEE** | **NO. 23-CV-1229-SDD-SDJ** |
| **VERSUS** | **CHIEF JUDGE SHELLY D. DICK** |
| **TROY LAWRENCE, JR., ET AL** | **MAG. JUDGE SCOTT D. JOHNSON** |

# REPLY TO PLAINTIFF'S RESPONSE TO COURT'S ORDER REGARDING TRIAL SETTING

**MAY IT PLEASE THE COURT:**

This memorandum is submitted jointly on behalf of the Defendants, Troy Lawrence, Jr. ("Officer Lawrence"), and the City of Baton Rouge and Parish of East Baton Rouge ("City/Parish") in reply to *Plaintiff's Response to Court's Order Regarding Trial Setting* [Doc. 211].[1] For the following reasons, Plaintiff's request to further continue the trial of this matter scheduled for September 21, 2026, should be denied.

## I. BACKGROUND

Plaintiff, Jeremy Lee, initiated these proceedings by *Complaint* on August 29, 2023 [Doc. 1]. The matter was originally scheduled for trial beginning **November 17, 2025** [Doc. 95]. Following various other modifications to the scheduling order, Plaintiff filed an *Ex Parte Motion to Extend Deadlines* on August 8, 2025 [Doc. 136]. By *Order* dated August 14, 2025, the Court granted that motion and continued the trial date to **July 20, 2026**.

In accordance with the new scheduling deadlines, all Defendants filed motions for summary judgment. Plaintiff was originally granted an extension of time, through February 23, 2026, to oppose Defendants' motions for summary judgment [Doc. 149]. Because most of his

[1] Defendants note that requests for affirmative relief ordinarily are presented by motion pursuant to Fed.R.Civ.P. 7(b) and Local Rule 7(c).

oppositions were incomplete, the Court granted Plaintiff additional time, until June 2, 2026, to file oppositions to the pending motions for summary judgment [Doc. 173].

On June 24, 2026, the Court issued the following *Order*:

> ORDER: Considering the filing errors which necessitated extensions of response deadlines related to multiple Motions for Summary Judgment in this matter, **the Court hereby continues the trial date** and pre-trial deadlines in this case as follows: **Jury Trial re-set for 8/31/2026 to 9/4/2026** at 09:00 AM in Courtroom 3. Motions In Limine shall be filed by 8/10/2026. Joint jury instructions, Joint verdict forms and voir dire due by 8/13/2026. Pretrial Conference set for 8/18/2026 at 02:00 PM in Chambers.

Doc. 184 (emphasis added).

On August 10, 2026, Plaintiff filed a motion to continue the August 31, 2026 trial date [Doc. 187]. Defendants opposed that motion [Doc. 192]. By *Order* entered on August 13, 2026, the Court denied Plaintiff's motion for continuance stating:

> ORDER denying [187] Motion to Continue the August 31, 2026 Jury Trial. The Court considers this motion filed essentially on the "eve of trial" and granting the motion would severely prejudice Defendants. Further, every prior extension of the trial date was requested by, or necessitated by, Plaintiff's counsel. The Court granted Plaintiff's first request and extended the first trial date in the matter from November 17, 2025 to July 20, 2026. The Court continued the July 20, 2026 trial date ONLY to allow Plaintiff to correct serious filing deficiencies. Moreover, Plaintiff's counsel has known about this potential date conflict since June 24, 2026. Defendants have shown that they have expended significant costs and preparation for the August 31 trial date and would be unduly prejudiced by a third, untimely, continuance.

Doc. 194.

For reasons not disclosed by the record, by *Order* entered on August 24, 2026, the Court *sua sponte* rescheduled the August 31, 2026 trial setting for the week of September 14, 2026 [Doc. 207]. On August 24, 2026, Plaintiff filed a "response" to the Court's *Order* rescheduling the trial [Doc. 208]. In that response, counsel for Plaintiff indicated that they had trial conflicts with the

September 14, 2026 trial setting but did not disclose any conflict during the week of September 21, 2026. As a result, on August 25, 2026, the Court entered the following *Order*:

> ORDER: There being no stated conflict in plaintiff's [208] Response to Court's Order Regarding Trial Setting, the **Jury Trial is re-set for 9/21/2026 to 9/25/2026** at 09:00 AM in Courtroom 3 before Chief Judge Shelly D. Dick.

Doc. 209 (emphasis added)

Plaintiff now seeks, not by motion but by an additional "response" to the Court's *Order* rescheduling the trial of this matter for September 21, 2026, to have the trial of this matter rescheduled yet again to September 28, 2026 [Doc. 211].

As the foregoing chronology shows, **during the past three weeks** (since August 24, 2026), **the trial of this matter has been rescheduled twice**. The multiple changes to the trial setting have required defense counsel to make substantial adjustments to their professional schedules and trial preparation efforts.

The record shows that multiple enrolled attorneys represent Plaintiff. Plaintiff's filing does not explain whether any of the other enrolled counsel are available to proceed with the trial as scheduled.

Counsel for Defendants have been vigorously working toward the September 21, 2026 trial setting. They have met all of the Court's pre-trial deadlines, including the laborious task of having their exhibits entered in JERS, participated in a pre-trial conference with the Court (the attorney who now identifies the scheduling conflict did not attend that conference), ensured the presence of fact and expert witnesses for the trial (despite the movement of the trial date), and spent significant time in trial preparation. Defendants stand ready to begin the trial of this matter on September 21, 2026.

In addition, counsel for Defendants adjusted their schedules and other professional commitments to ensure their availability for the September 21, 2026 trial setting and to ensure that they were available in the days and weeks leading up to the trial to perform all of the tasks necessary to effectively represent their respective clients.

As the Court may be aware, counsel for Officer Lawrence also serves as general counsel for the Louisiana Association of Educators ("LAE") – the largest teacher's organization in the State of Louisiana. In his capacity as general counsel for LAE, counsel for Officer Lawrence represents teachers and other school employees in time sensitive litigation related to their tenure, employment, discipline, termination, and other matters.

When the trial of this matter was rescheduled to August 31, 2026, counsel for Officer Lawrence was required to request continuances in two matters that were scheduled for trial the week of August 31, 2026 and one matter that was set for hearing.[2] Rescheduling those matters delayed resolution of those proceedings and required accommodations by counsel and his clients. Both the second *Cook* case and the *Pierce* case have now been rescheduled for the week of September 28, 2028 (the first *Cook* case was rescheduled for October 13, 2026).

A further delay in the trial of this matter will have a cascading effect on the calendars of defense counsel and will cause their other clients a great deal of stress and anxiety concerning

---

[2] Those matters are *Derron C. Cook versus St. John the Baptist Parish School Board*, Number 84,270, Division "B" on the docket of the 40th Judicial District Court, St. John the Baptist Parish, Louisiana (proceedings challenging the termination of a non-tenured teacher); *LaRunda Hobbs Pierce versus Rapides Parish School Board, et al*, Number 286,868, Division "C" on the docket of the 9th Judicial District Court, Rapides Parish, Louisiana (proceedings challenging the termination of a school employee); *Derron C. Cook, et al versus St. John the Baptist Parish School Board, et al*, Number 82,780, Division "B" on the docket of the 40th Judicial District Court, St. John the Baptist Parish, Louisiana (proceedings challenging school board and superintendent's violation of Article 10, § 10(3) of the Louisiana Constitution of 1974, Louisiana's "Right to Work" law and little Norris-LaGuardia Act regarding two Presidents of the St. John Association of Educators).

whether their matters are being appropriately managed. Defense counsel are both litigators who also maintain significant litigation and hearing schedules that have been adjusted in reliance on the current trial setting.

## II. LAW AND ARGUMENT

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1.

Rule 16(b) of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4).

> When the question for the trial court is a scheduling decision, such as whether a continuance should be granted, the judgment range is exceedingly wide, for, in handling its calendar and determining when matters should be considered, **the district court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's.**

*Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000), quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000)(emphasis added).

The granting of Plaintiff's request for a continuance on the eve of trial would significantly prejudice the Defendants for several reasons. First, Defendants have prepared for trial in reliance on the Court's scheduling order (as modified by the rescheduling of the trial on two separate occasions during the past three weeks). Trial preparation is most intensive during the final weeks before trial. Counsel has devoted substantial attorney time to preparing witnesses, finalizing exhibits, securing the attendance of witnesses, coordinating expert appearances, and rescheduling other matters to be ready and able to try this matter on September 21, 2026. Much of this work cannot simply be paused and resumed without duplication of effort and significant additional expense. In addition, resetting this matter for the week of September 28, 2026 will have definite

impacts on defense counsel (who have already rescheduled other matters so that they could be available for the trial of this matter) and their other clients.

Equally important, counsel for Defendants have been made aware that one fact witness, David Kennedy, and one expert witness, Kenneth Sanders, are unavailable the week of September 28 due to a scheduled medical procedure (Kennedy) and a scheduled expert deposition (Sanders) which were coordinated in contemplation of the recent change to the trial date in this matter. Further modification of the trial date exacerbates the hardships already created and may lead to the unavailability of these witnesses as a result of circumstances beyond their control.

Second, a continuance would substantially increase litigation costs which because Defendants are public bodies and officials, will be borne by the taxpayers. Trial counsel, experts, consultants, and fact witnesses have already reserved time for the current trial setting. Rescheduling will likely require repeating witness preparation sessions, renewing expert retention periods, revising demonstratives, and incurring additional attorney fees and other significant costs and expenses. Because Defendants are public entities and officials, additional litigation expenses will ultimately be borne by public resources.

Third, delay creates evidentiary prejudice. Memories inevitably fade. It becomes more difficult to secure the voluntary attendance of witnesses. Recollections become less precise. A trial date serves the important purpose of presenting evidence while witness memories remain fresh and reliable. Postponement increases the risk that testimony will become less accurate and less complete.

Fourth, a continuance undermines the Court's case-management objectives. Federal scheduling orders are intended to promote the “just, speedy, and inexpensive determination” of

actions. Reopening the trial schedule at this stage would diminish the certainty ordinarily provided by scheduling orders and would undermine efficient case management.

Fifth, Defendants have a legitimate interest in finality. Litigation itself imposes burdens independent of monetary cost – particularly where there are qualified immunity issues that have been presented to the Court for resolution – because qualified immunity functions as an immunity from suit, rather than a mere defense to liability. *Pearson v. Callahan*, 555 U.S. 223, 237 (2009). Lawsuits such as this one attract negative attention, create uncertainty, require document preservation, interfere with personal and professional planning, and prolong stress on litigants and witnesses. Parties, like the Defendants, who have diligently prepared for the scheduled trial have an interest in obtaining a timely resolution of the litigation and avoiding additional uncertainty associated with further delay, absent a compelling showing of necessity – particularly given the substantial damages sought in this litigation.[3]

Finally, the timing of the request weighs heavily against it. The closer a case is to trial, the greater the showing that should be required. When a continuance is sought only one week before trial, after the parties and the Court have invested substantial resources in preparing the case for adjudication, the moving party should be required to demonstrate both diligence and necessity – **<u>particularly when only one of several of the attorneys for a party has a scheduling conflict</u>** – and no explanation is provided why the other three attorneys enrolled in the case are incapable of trying the case on behalf of Plaintiff. Without such a showing, the prejudice to the Defendants outweighs any benefit derived from postponement.

[3] See *Jeremy Lee's Initial Disclosures* [Doc. 188-3].

## III. CONCLUSION

Defendants respectfully submit that the record does not demonstrate circumstances sufficient to justify another continuance at this late stage of the proceedings. Considering the parties' trial preparation efforts, witness availability, prior scheduling modifications, and the Court's interest in efficient case management, the balance of equities favors maintaining the currently scheduled trial date.

Respectfully submitted:

Brian F. Blackwell

Brian F. Blackwell (18119)
BLACKWELL & BULLMAN, LLC
5253 Dijon Drive, Suite E
Baton Rouge, Louisiana 70808
Telephone: (225) 769-2462
Telecopier: (225) 769-2463
E-mail:brian@blackwell-bullman.com

*Counsel for Defendant, Troy Lawrence, Jr.*

**JOHN S. McLINDON**
**PARISH ATTORNEY**

**/s/ Michael P. Schillage**
Michael P. Schillage (#35554)
Section Chief of Litigation
222 St. Louis Street, Suite 902
Baton Rouge, Louisiana 70802
Telephone: (225) 389-3114
Facsimile: (225) 389-8736
Email: mschillage@brla.gov
*Attorney for the City of Baton Rouge/Parish of East Baton Rouge*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 13th day of September, 2026.

Brian F. Blackwell

Brian F. Blackwell