**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**JEREMY LEE** **NO.: 3:23-cv-01229-SDD-SDJ**

**VS.**

**TROY LAWRENCE, JR., ET AL.** **CIVIL ACTION**

**PLAINTIFF JEREMY LEE'S OBJECTIONS TO DEFENDANTS' MOTION TO TAX COSTS AND BILL OF COSTS**

**MAY IT PLEASE THE COURT:**

Pursuant to Local Civil Rule 54(d), Plaintiff JEREMY LEE ("Plaintiff" or "Mr. Lee") objects to the Bill of Costs [Dkt. 228-3] submitted with the Joint Motion to Tax Costs [Dkt. 228] by Defendants CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE, TROY LAWRENCE, JR., MATTHEW WALLACE, and JOSEPH CARBONI ("Defendants").

## I. INTRODUCTION

Plaintiff objects because the Bill of Costs is improper, inaccurate, and unreasonable. Defendants may recover only the costs that Fed. R. Civ. P. 54(d)(1), 28 U.S.C. §§ 1920 and 1821, and the applicable local rules allow. They cannot recover every charge they incurred in this litigation. Taxable costs are "limited to relatively minor, incidental expenses." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). Defendants' Bill of Costs nonetheless includes costs the governing law does not allow. Defendants seek $108,566.32.

## II. OBJECTIONS

Defendants seek costs that are either not allowed by law or not adequately supported by the accompanying evidence. If the Court is inclined to tax any of these costs, it should reduce the amount accordingly.

/ / /

**1. Improper Expert Fees ($87,405.00)**

Defendants seek $87,405.00 as "Other costs." Rec. Doc. 228-3, p. 1. The entire amount consists of fees Defendants paid to their own retained experts:

1. Capt. Kenny Sanders, expert report expenses, $43,950.00 (Rec. Doc. 228-3, p. 4, Item 11)
2. Dr. Curtis Partington, expert report expenses, $230.00 (Rec. Doc. 228-3, p. 4, Item 12)
3. Kerry Najolia, expert report expenses, $26,100.00 (Rec. Doc. 228-3, p. 4, Item 13)
4. Scott Courrege, expert report expenses, $17,125.00 (Rec. Doc. 228-3, p. 4, Item 14)

Defendants' own invoices show that these fees were for case review and report writing:

- Capt. Sanders billed 219.75 hours (Rec. Doc. 228-3, p. 19).
- Mr. Najolia billed $225.00 per hour for 116 hours (Rec. Doc. 228-3, p. 21).
- Mr. Courrege billed 68.5 hours for "Review of case file and preparation of expert report" (Rec. Doc. 228-3, p. 28).
- Dr. Partington billed for interpretation of two rib X-rays plus an administrative fee (Rec. Doc. 228-3, p. 20). He never testified.

The Supreme Court has held that "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987). Expert fees beyond that limit are taxable "only when the witness is court-appointed." *Id.* at 442. In civil rights litigation, "§ 1988 conveys no authority to shift expert fees." *W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 102 (1991).

None of these experts was court-appointed. Defendants identify no contract or statute that would authorize recovering their fees. Calling these fees "Other costs" does not create a § 1920 category that Congress never enacted. The full $87,405.00 is therefore improper and should be rejected.

**2. Improper Request for Attorney's Fees (Item 29)**

Item 29 of the City/Parish itemization seeks "Reasonable attorney's fees to be awarded by the Court," and refers only to "See Affidavits in Support of Fees and Costs" (Rec. Doc. 228-3, p. 5). This request is improper for three reasons.

First, Rule 54(d)(1) expressly excludes attorney's fees from taxable costs, so the Clerk cannot tax them.

Second, Local Civil Rule 54(b)(1) requires a party seeking fees to "submit to the Court a contemporaneous time report reflecting the date, time involved, and nature of the services performed," "in both narrative and statistical form." LR 54(b)(1). Defendants have submitted no such report.

Third, fees are unavailable on the merits under 42 U.S.C. § 1988. A prevailing defendant may recover fees only where "[t]he plaintiff's action [was] meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). Plaintiff's claims survived summary judgment and were tried to a jury (Rec. Doc. 228-2, p. 2).

Item 29 should therefore be stricken.

**3. Improper Deposition Fees**

Defendants seek $18,752.85 for transcripts (Rec. Doc. 228-3, p. 1). The Court should reduce this amount substantially, because Defendants claim the same transcripts twice and include charges that § 1920 does not cover.

*a. Duplicate transcripts.* A deposition copy is taxable only if it was obtained "for use during trial or for trial preparation, rather than for the mere convenience of counsel." *Fogleman v. ARAMCO, 920 F.2d 278, 285–86 (5th Cir. 1991)*. The City/Parish already claims the transcripts for Carboni ($875.00), Wallace ($817.50), Lawrence, Jr. ($362.50), Lee ($2,610.75), and Paul

($1,087.00) (Rec. Doc. 228-3, p. 3), as well as Coleman ($2,244.35) (Rec. Doc. 228-3, p. 4). Officer Lawrence's separate schedule then claims the same depositions a second time:

1. Joseph Carboni, $875.00 (Rec. Doc. 228-3, p. 6)
2. Matthew Wallace, $817.50 (Rec. Doc. 228-3, p. 6)
3. Troy Lawrence, Jr., $362.50 (Rec. Doc. 228-3, p. 6)
4. Jeremy Lee, $1,618.50 (Rec. Doc. 228-3, p. 6)
5. Murphy Paul, $1,087.00, plus a $35.00 shipping charge (Rec. Doc. 228-3, p. 6)
6. Lorenzo Coleman, $2,184.65 (Rec. Doc. 228-3, p. 6)

When separately represented co-defendants each buy their own copy of the same transcript, the extra copies serve counsel's convenience rather than any necessity of the case. In addition, the supporting invoices show an "OPEN" status with the balance still due (Rec. Doc. 228-3, p. 11). That undercuts the LR 54(c) certification that these costs "have been necessarily incurred." The duplicate transcript fees, totaling $6,980.15, should therefore be rejected.

*b. Video deposition.* Defendants seek $1,495.00 for the videotaped deposition of Jeremy Lee (Rec. Doc. 228-3, p. 3), even though they also obtained the stenographic transcript of the same deposition. Their only justification is that video is "customary to preserve all deponent actions not otherwise preserved through a written transcript" (Rec. Doc. 228-2, p. 7). Custom is not necessity. Defendants identify no use of the video at summary judgment or at trial. The invoice also includes a flash drive ($35.00), parking ($10.00), and shipping ($30.00) (Rec. Doc. 228-3, p. 12), none of which is a § 1920 item. The $1,495.00 charge should therefore be rejected.

*c. Shipping and handling.* Several transcript invoices bill "Certified Copy Transcripts, Shipping and Handling" as a single lump sum (Rec. Doc. 228-3, p. 13). Postage and delivery are not enumerated in § 1920. Defendants did not provide the itemization LR 54(c) requires to separate these charges, so they cannot carry their burden on them. The bundled shipping charges should be

identified and disallowed.

In sum, Defendants' transcript costs of $18,752.85 should be reduced by at least $8,475.15 ($6,980.15 + $1,495.00).

**4. Improper Witness Fees**

Defendants seek $2,108.94 in witness fees (Rec. Doc. 228-3, p. 1). Local Civil Rule 45(a) ties witness fees to "the legal amount ... as set forth in 28 U.S.C. § 1821." LR 45(a). Several of the claimed amounts do not qualify.

*a. Non-testifying experts.* Defendants seek $1,030.46 for Capt. Kenny Sanders and $80.00 for Scott Courrege (Rec. Doc. 228-3, p. 2). Neither testified. Capt. Sanders' own invoice states: "Appear at Trial. Testimony not needed." (Rec. Doc. 228-3, p. 29). Defendants chose which witnesses to call. Their strategic decision not to call these experts does not justify shifting the cost to Plaintiff. The $1,110.46 should therefore be rejected.

*b. Party witnesses.* Defendants seek attendance fees for Troy Lawrence, Jr. (three days, $120.00), who was a defendant at trial. They also seek fees for Matthew Wallace and Joseph Carboni ($40.00 each) (Rec. Doc. 228-3, p. 2), who are named defendants in this action. Section 1821 compensates witnesses who attend court. It does not compensate parties for attending their own trial. The $200.00 should therefore be rejected.

*c. Travel and subsistence.* Mr. Najolia's claimed expenses include:

- mileage at $0.76 per mile (Rec. Doc. 228-3, p. 36)
- $81.43 in parking (Rec. Doc. 228-3, p. 38)
- $340.25 in lodging (Rec. Doc. 228-3, p. 31)

Defendants have not shown that these amounts fall within the mileage and subsistence allowances of 28 U.S.C. § 1821. Any amount exceeding those limits should be disallowed.

In sum, Defendants' witness fees should be reduced by at least $1,310.46 ($1,110.46 +

$200.00).

**5. Improper Document Reproduction**

Defendants seek $299.53 for copies (Rec. Doc. 228-3, p. 1). That figure includes Officer Lawrence's claim of $225.75 for "Photocopies for use at trial (903 @ 25 cents each)" (Rec. Doc. 228-3, p. 6). Copying costs are recoverable only if the prevailing party demonstrates that the reproductions were necessarily obtained for use in the case. *Fogleman*, 920 F.2d 278.

Defendants do not identify what was copied, how many sets were made, or which copies were actually used at trial. Under Local Civil Rule 79(b), trial evidence in this Court is presented in electronic format. LR 79(b). Defendants bore the burden of breaking down their copying costs and did not do so. The $225.75 should therefore be rejected. Plaintiff also objects to the $3.28 shipping charge on the medical records invoice (Rec. Doc. 228-3, p. 14).

**6. General Objection to All Costs**

Plaintiff further objects to taxing any of the remaining costs. Rule 54(d)(1)'s presumption may be overcome where good reason exists. Recognized reasons include "the losing party's limited financial resources" and "close and difficult legal issues presented." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006).

Mr. Lee was unemployed throughout this litigation and cannot pay. *See* Declaration of Jeremy Lee. The Fifth Circuit has expressly left open whether "a losing party who has demonstrated indigency may properly be excused from paying a prevailing party's costs or may properly be permitted to pay reduced costs." *Moore v. CITGO Refin. & Chems. Co.*, 735 F.3d 309, 321 (5th Cir. 2013).

Taxing costs against an unemployed civil rights plaintiff whose claims went to a jury also risks chilling legitimate § 1983 litigation. *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999).

Lastly, this Court recently declined to tax any costs against an indigent plaintiff after a three-day jury trial resulted in a defense verdict, finding that the plaintiff's indigency, his good faith, and the close and difficult issues that survived summary judgment meant that taxing costs "would contain 'an element of injustice.'" *Adams v. La. Dep't of Pub. Safety & Corr.*, No. 3:22-cv-00020-SDD-RLB, Rec. Doc. 269 (M.D. La. Oct. 14, 2026) (Dick, C.J.). The same is true here. Mr. Lee was unemployed throughout this litigation and cannot pay. *See* Declaration of Jeremy Lee. His excessive force and related claims survived summary judgment and required a jury trial. See also *McBroom v. Payne*, No. 1:06-cv-01222-LG-JMR, 2011 WL 1743660, at *2 (S.D. Miss. Apr. 11, 2011) (declining to tax costs against unemployed plaintiff after defense verdict in excessive force case that presented "close legal questions"). At a minimum, the Court should substantially reduce any award. See *Young v. UOP LLC*, No. 3:21-cv-00282-SDD-EWD, 2024 WL 3274778, at *1 (M.D. La. July 2, 2024) (Dick, C.J.) (reducing costs by fifty percent based on plaintiff's limited resources and lack of bad faith).

## III. CONCLUSION

Taking these disallowances into account, Plaintiff objects to Defendants' claimed expert fees, attorney's fees, deposition fees, witness fees, and document reproduction fees. As discussed above, Defendants' request should be reduced by at least $97,416.36 ($87,405.00 + $8,475.15 + $1,310.46 + $225.75), leaving no more than $11,149.96. Plaintiff respectfully requests that the Court decline to tax that remainder against him in light of his indigency.

Dated: October 22, 2026 **RESPECTFULLY SUBMITTED:**

*/s/ Thomas W. Frampton*
**RYAN K. THOMPSON, ESQ.**
**JESSICA F. HAWKINS, ESQ.**
Attorneys for Plaintiff, JEREMY LEE

**/s/ Rodney S. Diggs**
**RODNEY S. DIGGS, ESQ. (SBN 274459)**
rdiggs@imwlaw.com
**BRANDON R. TANTER, ESQ. (SBN 351037)**
btanter@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
A Professional Law Corporation
444 S. Flower Street, Suite 3200
Los Angeles, California 90071
Tel. (213) 489-0028
Fax (213) 489-0552
***Attorney for Jeremy Lee (pro hac vice)***

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing was this date sent to all counsel of record by electronic mail to the email address listed with the Court's electronic filing system, facsimile, and/or U.S. mail, postage prepaid and properly addressed. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, postage prepaid, and properly addressed.

Los Angeles, California this 22nd day of October, 2026.

**Rodney S. Diggs, Esq.**
RODNEY S. DIGGS